## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                                            ) | |
|             Plaintiff,             ) | |
|                                            ) | |
| v.                                          ) | Case No. CR-19-149-G |
|                                            ) | |
| WILSON LEONEL                    ) | |
| GRAMAJO-MALDONADO,          ) | |
|    a/k/a Amner J. Pineda-Areyano,    ) | |
|    a/k/a Wilson Barrios-Maldonado,  ) | |
|    a/k/a Nilson Barrios-Maldonado,   ) | |
|                                            ) | |
|             Defendant.            ) | |

## **ORDER**

On February 11, 2021, this matter came before the Court for sentencing, including consideration of objections filed by Defendant Wilson Leonel Gramajo-Maldonado and by the United States to the Presentence Report ("PSR," Mar. 25, 2020 (Doc. No. 55)). *See* PSR Add. (Doc. No. 55, at 27-34); Doc. No. 66. The Court also considered the Sentencing Memorandum and Motion for Downward Variance (Doc. No. 60) filed by Defendant and the Sentencing Memorandum (Doc. No. 56) filed by the Government, which included multiple exhibits.

Defendant appeared at the sentencing hearing personally and through his attorney, John Cannon. The Government appeared through Assistant U.S. Attorneys K. McKenzie Anderson and Mary Walters.

The Court issued oral rulings on the parties' objections and other matters at the sentencing hearing. This written order shall supplement the Court's oral rulings.

I.      *Application of Cross Reference Regarding Jane Doe 2: Section 2A3.1*

On August 28, 2019, the Court accepted Defendant's plea of guilty on one count of child sex trafficking in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) between dates in or around June 2018 and January 18, 2019. *See* Ct. Minute (Doc. No. 37); Superseding Info. (Doc. No. 34).[1] The applicable guideline is *United States Sentencing Commission Guidelines Manual* ("USSG") § 2G1.3. *See* USSG § 2G1.3(a)(2); *see also* PSR ¶ 36.

The PSR finds that because Defendant's offense "involved conduct described in 18 U.S.C. § 2241 or § 2242," a cross reference to USSG § 2A3.1 should be applied. PSR ¶ 39; *see also id.* ¶¶ 40-43; USSG § 2G1.3(c)(3) (prescribing that "[i]f the offense involved conduct described in 18 U.S.C. § 2241 or § 2242," then USSG § 2A3.1 should be applied "if the resulting offense level is greater than that determined above").

The PSR also finds that a 4-level increase in the offense level is warranted because Jane Doe 2 "reported that [Defendant] forced her to have sex against her will." PSR ¶ 41; *see also id.* ¶ 24; USSG § 2A3.1(b)(1) ("If the offense involved conduct described in § 18 U.S.C. § 2241(a) or (b), increase by **4** levels."); 18 U.S.C. § 2241(a).

---

[1] As relevant here, 18 U.S.C. § 1591(a)(1) states:

> Whoever knowingly . . . in or affecting interstate or foreign commerce, or within the . . . territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing, or . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . , or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in [§ 1591(b)].

18 U.S.C. § 1591(a)(1).

Defendant objects to the application of the USSG § 2A3.1 cross reference, as well as the related enhancement under § 2A3.1(b)(1).  While Defendant admits that he engaged in sexual intercourse with Jane Doe 2 on multiple occasions, he denies having forced Jane Doe 2 to engage in a sex act.  *See* PSR Add. at 29-30, 31-32; Def.'s Mot. at 18, 21.

In determining whether the § 2A3.1 cross reference applies,

> Conduct described in 18 U.S.C. § 2241(a) or (b) is engaging in, or causing another person to engage in, a sexual act with another person: (I) using force against the minor; (II) threatening or placing the minor in fear that any person will be subject to death, serious bodily injury, or kidnapping; (III) rendering the minor unconscious; or (IV) administering by force or threat of force, or without the knowledge or permission of the minor, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the minor to appraise or control conduct. This provision would apply, for example, if any dangerous weapon was used or brandished, or in a case in which the ability of the minor to appraise or control conduct was substantially impaired by drugs or alcohol.

USSG § 2G1.3 cmt. n.5(B)(i).

Determination of whether the § 2A3.1(b)(1) 4-level enhancement applies is made using the same criteria quoted above regarding the cross reference.  *See* USSG § 2A3.1 cmt. n.2(A).  The Tenth Circuit has explained that a 4-level enhancement under § 2A3.1(b)(1)

> is justified by the factual finding that the perpetrator used such physical force as is sufficient to overcome, restrain or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim.  That is, a force enhancement is appropriate when the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.  Moreover, force may be inferred by such facts as disparity in size between victim and assailant, or disparity in coercive power, such as that between an adult and a child.

*United States v. Reyes Pena*, 216 F.3d 1204, 1211 (10th Cir. 2000) (citations and internal

quotation marks omitted); *cf. United States v. Chee*, 514 F.3d 1106, 1116 (10th Cir. 2008) ("The degree of force necessary to violate § 2241 warrants the four-level enhancement under § 2A3.1(b)(1).").

The Court, having heard evidence and argument from the parties, finds that the Government has proved by a preponderance of the evidence that Defendant did knowingly cause Jane Doe 2 to engage in a sexual act by using force against Jane Doe 2. *See generally United States v. Tindall*, 519 F.3d 1057, 1063 (10th Cir. 2008) ("[T]he government must prove by a preponderance of the evidence any findings necessary to support a sentence enhancement." (internal quotation marks omitted)). Specifically, the Court finds credible Jane Doe 2's statements, in a forensic interview conducted by a neutral third party, that Defendant "force[d]" her multiple times to engage in sex acts and that she would tell him she did not want to have sex but would be awakened by him having sex with her regardless. *See* Gov't Ex. 1; PSR ¶ 24; *see also* Gov't Sent'g Mem. at 9-10, 13-15; PSR Add. at 31-32.

Accordingly, Defendant's objections to application of the § 2A3.1 cross reference and to a 4-level offense-level increase under § 2A3.1(b)(1) as to Jane Doe 2 are overruled.

II. *Application of "Pseudo-Count" for Offenses Against Jane Doe 1*

The PSR presents statements to the effect that Defendant paid the mother of Jane Doe 1 (who is also the mother of Jane Doe 2) so that he could engage in sex with Jane Doe 1 and, on that basis, calculates an adjusted offense level for a pseudo-count of child sex trafficking with regards to Jane Doe 1 pursuant to USSG § 2G1.3(d)(1). *See* PSR ¶¶ 26, 30, 48-59, 60-63; USSG § 2G1.3(d)(1) ("If the offense involved more than one minor,

4

Chapter Three, Part D (Multiple Counts) shall be applied as if the persuasion, enticement, coercion, travel, or transportation to engage in a commercial sex act or prohibited sexual conduct of each victim had been contained in a separate count of conviction."); *see also* 18 U.S.C. § 1591(a)(1); Gov't Sent'g Mem. at 12.

Defendant objects that he never had sex with Jane Doe 1 and therefore never engaged in a commercial sex act with Jane Doe 1. *See* PSR Add. at 30-31, 33; Def.'s Mot. at 18-20. The evidence, however, supports a finding that Defendant paid Jane Doe 1's mother in alcohol to engage in sexual intercourse with Jane Doe 1. *See* Gov't Ex. 31. Accordingly, there is sufficient evidence presented to warrant calculation of a pseudo-count under § 2G1.3(d)(1) based upon this transaction.

III.   *Application of Cross Reference Regarding Jane Doe 1: Section 2A3.1*

Citing evidence reflecting that Defendant forcibly raped Jane Doe 1, the PSR applies a cross reference to USSG § 2A3.1, as well as the 4-level enhancement under § 2A3.1(b)(1) (discussed above in Part I), to the calculation of the pseudo-count regarding Jane Doe 1. *See* PSR ¶¶ 26, 51-53; *see also* USSG § 2G1.3(c)(3); Gov't Sent'g Mem. at 10-15.

Defendant denies that he had sex with Jane Doe 1 and further denies that he forcibly raped her, thereby impliedly objecting to application of the cross reference and the associated enhancement. *See* PSR Add. at 30-31; Def.'s Mot. at 18-20, 21-22.

The Court overrules Defendant's objections, express and implied. Sufficient evidence has been presented to show by a preponderance that Defendant engaged in sexual relations with Jane Doe 1 by force, thereby supporting application of § 2A3.1 and enhancement under § 2A3.1(b)(1). Specifically, Jane Doe 1 testified in forensic

5

interviews to an occasion where he made her engage in sex with him despite her being intoxicated and despite Jane Doe 1 telling Defendant "no" repeatedly and pushing his hand away. *See* Gov't Exs 2, 3, 4; *see also supra* Part I.

IV. *Vulnerable Victim Enhancement*

Paragraph 44 of the PSR reflects zero points for Victim Related Adjustment. The Government has objected and requested a vulnerable victim enhancement under USSG § 3A1.1(b)(1). *See* PSR Add. at 28-29; Gov't Sent'g Mem. at 23-24.

USSG § 3A1.1(b) prescribes: "If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by **2** levels." USSG § 3A1.1(b)(1). "This is a factual determination" for the sentencing court and must be supported by "particularized findings." *United States v. Janis*, 71 F.3d 308, 311 (8th Cir. 1995); *United States v. Smith*, 133 F.3d 737, 749 (10th Cir. 1997); *see also Tindall*, 519 F.3d at 1063.

"Vulnerable victim" means a victim of the charged offense and any relevant conduct "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1 cmt. n.2. "[T]he enhancement should apply when the victim is less able to resist than the typical victim and requires greater societal protection." *United States v. Kelvin Scott*, 529 F.3d 1290, 1300 (10th Cir. 2008) (alteration, citation, and internal quotation marks omitted).[2]

---

[2] The Court considers application of this enhancement without reference to the victims' ages. *See* PSR ¶ 42; USSG § 3A1.1 cmt. n.2; *Kelvin Scott*, 529 F.3d at 1301 (noting that where a sex-trafficking victim's age provided the basis for a separate enhancement, "to avoid double counting, [the victim's] vulnerability must be unusual even for trafficking victims within this age range").

Citing *United States v. Robert Scott*, 434 F. App'x 103 (3d Cir. 2011), the Government argues that Jane Doe 2 (as well as Jane Doe 1) was a vulnerable victim because she lived in a squalid, unstable, and abusive environment.[3]  *See* Gov't Sent'g Mem. at 23-24.  In *Robert Scott*, the Third Circuit upheld application of the enhancement where the defendant and his co-conspirators "pursued girls as young as twelve years old and 'lost girls' . . . from troubled circumstances, such as homelessness and/or severely unstable families," finding that those conditions "were not incidental to the victimization."  *Robert Scott*, 434 F. App'x at 107.

The Tenth Circuit has indicated that "not incidental" is insufficient when considering similar charged offenses.  In *Kelvin Scott*, the Tenth Circuit endorsed the view that "an unstable living environment alone cannot support the vulnerability enhancement for victims of Mann Act violations, among whom such instability is unfortunately common."  *Kelvin Scott*, 529 F.3d at 1302 (finding that 13-year-old girl's status as a runaway could not support the enhancement); *see also United States v. Nielsen*, 694 F.3d 1032, 1036 (9th Cir. 2012).  Jane Doe 2's living conditions, however, were not merely unstable—they were appalling.  Jane Doe 2's mother openly maintained an active prostitution business in the family's trailer home.  The family often did not have money for food and utilities.  The girls did not attend school.  These circumstances, in and of themselves, would constitute a traumatic and unstable living environment.  But what made the situation turn from traumatic to torturous was that the girls' own mother began selling

---

[3] Based on the foregoing, the Court need not reach the Government's argument that Jane Doe 2 was unusually vulnerable due to her ADHD.

her two teenage daughters to adult men, causing them to have sex with those men for payment. Defendant was permitted to move into Jane Doe 2's home and to stay in Jane Doe 2's bedroom due to their romantic "relationship." Defendant also brought alcohol to Jane Doe 2's home, and occupants of the home engaged in drug use and alcohol consumption.

These extreme conditions rendered Jane Doe 2 particularly susceptible to trafficking and are unusual even for victims under 18 U.S.C. § 1591(a) in Jane Doe 2's age range. *See, e.g.*, *United States v. Irving*, 554 F.3d 64, 75 (2d Cir. 2009) (upholding application of vulnerability enhancement on sexual-abuse charges where the victims lived on the streets with no parental or other guidance); *United States v. Chang Ru Meng Backman*, 817 F.3d 662, 670-71 (9th Cir. 2016) (affirming application of the enhancement for § 1591(a) defendant where victim who was forced into prostitution did not merely exhibit vulnerabilities typical of sex-trafficking—e.g., lack of financial resources—but rather a "high number of vulnerabilities" and "depth of the individual vulnerabilities"); *see also* PSR Add. at 28 ("[I]t was the environment in which these two girls were raised that rendered them susceptible to the instant offense . . . .").

Further, Defendant, having been engaged in a long-term relationship with Jane Doe 2 and having lived in very close quarters with Jane Doe 2 and her family, "knew or should have known" of these circumstances and their effect on Jane Doe 2. USSG § 3A1.1(b)(1); *see Janis*, 71 F.3d at 311. No human being who viewed the life of these girls in the trailer house could have avoided the conclusion and realization that they were being kept in an extraordinarily vulnerable position.

8

Accordingly, the Court sustains the Government's objection and finds that a 2-level increase is warranted pursuant to a vulnerable victim enhancement under USSG § 3A1.1(b)(1).

V.     *Total Offense Level*

The findings above, in conjunction with the undisputed portions of the PSR, would result in a total offense level of 44. *See* PSR ¶ 67; USSG § 3A1.1(b)(1). Pursuant to the USSG Sentencing Table, the total offense level cannot exceed 43. *See* USSG Sent'g Tbl. n.1. The Court therefore need not rule on the Government's objections to the PSR's failure to additionally apply the enhancements of USSG § 2A3.1(b)(3), (b)(4), and (b)(5), as "the matter[s] will not affect sentencing." Fed. R. Crim. P. 32(i)(3)(B).

VI.     *Additional Factual Objections by Defendant Not Previously Addressed*

In resolving the matters set forth above, the Court has made express factual findings. All objections by Defendant disputing facts underlying the Court's conclusions set forth above (*e.g.*, Def.'s Objs. to ¶¶ 24, 26, 30, 39-43, 41, 47, 48-63, 67, 101 (PSR Add. at 29-33) are denied to the extent the objection disagrees with an express finding or conclusion of the Court. The Court will address the remaining factual objections made by Defendant, resolving any such disputes to the extent required by Federal Rule of Criminal Procedure 32(i)(3):

- Paragraph 21 of the PSR states that the mother of Jane Doe 1 and Jane Doe 2 reported an incident in which Defendant "poured gasoline over the truck where she was sitting smoking a cigarette, and told her [he] was leaving and taking [Jane Doe 2] with him," after which he and Jane Doe 2 were absent from the trailer house "for

about a month." PSR ¶ 21. Defendant does not dispute that he and Jane Doe 2 left the trailer house for approximately one month but denies that he poured gasoline on the mother's vehicle or threatened her in any way. *See* PSR Add. at 29. No ruling on this objection is necessary because the matter will not affect sentencing and the Court will not consider the matter in determining the sentence in this case.

- Paragraph 23 of the PSR states that Jane Doe 1 reported that Defendant was physically abusive to Jane Doe 2. Defendant disputes that he was physically abusive to Jane Doe 2. *See* PSR Add. at 29. The Court has found above that Defendant caused Jane Doe 2 to engage in sex with him by force. The Court further finds that a preponderance of the evidence shows that Defendant assaulted Jane Doe 2 by "hitting her around her eyes and mouth." PSR ¶ 24. To that extent the objection to Paragraph 23 is denied and overruled.

- Paragraph 24 of the PSR states that Jane Doe 2 reported being physically assaulted by Defendant on different occasions. Defendant denies having physically assaulted Jane Doe 2. *See* PSR Add. at 29-30. For the reason outlined immediately above, that objection is overruled and denied.

- Paragraph 24 of the PSR states that Jane Doe 2 reported that Defendant knew she was 14 years old. Defendant denies knowing that Jane Doe 2 was 14 years old. *See* PSR Add. at 29-30. No ruling on this objection is necessary because the matter will not affect sentencing and the Court will not consider the matter in determining the sentence in this case.

- Paragraph 24 of the PSR states that Jane Doe 2 reported that Defendant on one

occasion held a knife to Jane Doe 2's throat and threatened to kill her. Defendant denies that this occurred. *See* PSR Add. at 29-30. No ruling on this objection is necessary because the matter will not affect sentencing and the Court will not consider the matter in determining the sentence in this case.

- Paragraph 68 of the PSR states that investigators discovered that Defendant had engaged in explicit electronic messaging with a girl who reported she was 13 years old. Defendant objects that his phone was accessed by a third party who sent the messages and an explicit photo to the girl. *See* PSR Add. at 33. The Court overrules and denies this objection and finds by a preponderance of the evidence—based upon the circumstances and the messages themselves—that the Defendant engaged in these communications.

- Paragraphs 27 and 70 of the PSR indicate that Defendant had a .380 caliber revolver and ammunition and discussed selling the firearm to another individual. Defendant denies possessing the revolver or ammunition and contends that he was merely helping a friend sell them on Facebook. *See* PSR Add. at 30, 33. The Court overrules and denies these objections and finds that it has been shown by a preponderance of the evidence that the statements in the PSR are correct.

## CONCLUSION

As outlined herein and at the hearing of February 11, 2021, the Court overrules in part and determines that a ruling is unnecessary in part as to Defendant's objections to the Presentence Report. The Court sustains in part and determines that a ruling is unnecessary in part as to Government's objections to the Presentence Report. The U.S. Probation

Officer assigned to this case shall ensure that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

    IT IS SO ORDERED this 12th day of February, 2021.

_/s/ Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge